IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VANESSA EVANS,
    Plaintiff,

v.

BULL CITY FINANCIAL
SOLUTIONS, INC.,
    Defendant.

CIVIL ACTION NO.
1:17-CV-3663-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Bull City Financial Solutions, Inc.'s Motion to Dismiss. (Doc. 5). For the reasons explained below, this Court **RECOMMENDS** that Defendant Bull City Financial Solutions, Inc.'s Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. (Doc. 5).

## MCCALLA RAYMER, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

### I. BACKGROUND

Plaintiff Vanessa Evans (hereinafter "Plaintiff") filed this lawsuit on September 20, 2017, against Defendants Equifax Information Services, LLC ("Equifax") and Bull City Financial Solutions, Inc. ("Bull City"). Plaintiff subsequently dismissed her claims against Defendant Equifax. (Doc. 22). Plaintiff's remaining claims against Bull City are for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Plaintiff alleges

in her Complaint that she incurred a debt as defined by the FDCPA when she entered into a financial obligation that "was primarily for personal, family, or household purposes." (Compl. ¶ 13). Plaintiff asserts that Bull City reported her debt on her credit report. (Compl. ¶ 15). Equifax prepared and issued credit reports that included inaccurate information about the account. (Compl. ¶ 16). Plaintiff notified Equifax via letter on July 26, 2017, that she disputed the accuracy of the information Equifax was reporting. (Compl. ¶ 17). Plaintiff avers that after she disputed the information with Equifax, Bull City failed to conduct a reasonable investigation and continued to report inaccurate adverse information about the account. (Compl. ¶ 18). Plaintiff claims that Bull City (1) violated the Sections 1692d, 1692e, and 1692f of the FDCPA when it reported inaccurate information about her account; (2) violated the FCRA when it willfully failed to fully investigate her dispute "by failing to review all information regarding the same" and failed to correctly report results of an accurate investigation to the credit reporting agencies; and (3) violated the FCRA when it negligently failed to conduct its investigation in good faith.

Bull City argues Plaintiff's FDCPA claim should be dismissed because she fails to allege sufficient facts showing that Bull City is a debt collector or that the account at issue is a debt as defined by the FDCPA. Bull City further contends that Plaintiff's FCRA claim is insufficiently pled because she does not plead any specific facts in support of her claims. Bull City points out that Plaintiff's Complaint does not include any indication as to what Bull City reported, when it was reported, who Bull City reported the information to, and when Bull City allegedly failed to investigate her

dispute. Additionally, Bull City contends that Plaintiff's Complaint contains no allegation that Equifax notified Bull City of her dispute.

## II. LEGAL ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss Standard

Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of a plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015) (explaining that "dismissal is proper when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action"); Brown v. Crawford Cty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint may be dismissed if it does not must contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555

AO 72A
(Rev.8/82)

### B.   Plaintiff's FDCPA Claim

Bull City argues Plaintiff's FDCPA claim should be dismissed because she fails to allege sufficient facts showing that it is a debt collector or that the account at issue is a debt as defined by the FDCPA.

### 1.   Debt Collector

Bull City contends that Plaintiff fails to state a FDCPA claim because she does not allege facts tending to show that it is a debt collector. In support, Bull City points out that Plaintiff's Complaint fails to include facts which tend to indicate that it regularly collects or attempts to collect debts owed or due another or that Bull City uses the mail or other instrumentalities in any business the principal purpose of which is the collection of debts. In response, Plaintiff argues Bull City holds itself out in the public domain as a debt collector because it advertises on its website that it provides "accounts receivable management solutions" and collects "more than any other accounts receivable management company."

The FDCPA was passed in 1977 in order to protect consumers from unfair debt collection practices. 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors . . . [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ."); Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009). The Act's prohibitions on improper collection methods only apply to debt collectors. The FDCPA generally precludes "'*debt collectors*' from making false or

misleading representations and from engaging in various abusive and unfair practices." Acosta, 309 F. App'x at 320; see also Heintz v. Jenkins, 514 U.S. 291 (1995). Thus, Plaintiff must plausibly allege that Bull City is a debt collector within the meaning of the FDCPA. Reese v. Ellis, Painter, Ratterree & Adams, 678 F.3d 1211, 1216, 1218 (11th Cir. 2012) (explaining that "in order to state a plausible FDCPA claim under Section 1692e, a plaintiff must allege, among other things . . . that the defendant is a debt collector"); see also Goia v. CitiFinancial Auto, 499 F. App'x 930, 938 (11th Cir. 2012). The Act generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The facts as alleged in the Complaint fall short of making it plausible that Bull City is a debt collector. Instead of providing specific facts suggesting that Bull City is a debt collector, Plaintiff's Complaint merely includes the statutory definition of debt collector, but does not explain how Bull City meets the definition. (Compl. ¶ 8). Plaintiff merely alleges that "Bull City is a 'debt collector' as the phrase is defined in 15 U.S.C. § 1692(a)(6)." (Compl. ¶ 8-9). Plaintiff does not include any specific facts establishing that Bull City's principal purpose is the collection of debts, or facts supporting the notion that Bull City regularly collects or attempts to collect, directly or indirectly, debts. Thus, Plaintiff's conclusory legal conclusion is not sufficient to plausibly suggest that Bull City is a debt collector. See, e.g., Farquharson v. Citibank,

N.A., 664 F. App'x 793, 799-800 (11th Cir. 2016) (explaining that plaintiff's assertion that defendants were debt collectors was a threadbare recital of FDCPA cause of action's elements which did not suffice); White v. Bank of Am., N.A., 597 F. App'x 1015, 1020 (11th Cir. 2014) (finding that plaintiff did not plausibly allege defendant was a debt collector where plaintiff only alleged conclusory assertion that defendant "regularly attempted to collect debts"); Barber v. Rubin Lublin, LLC, No. 1:13-CV-975-TWT, 2013 WL 6795158, at *9 (N.D. Ga. Dec. 20, 2013) (concluding that complaint which quoted the definition of debt collector and stated that defendant was one did not survive motion to dismiss because complaint's allegations were formulaic legal conclusions and devoid of factual content); Correa v. BAC Home Loans Servicing LP, No. 6-11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *12-14 (M.D. Fla. Apr. 9, 2012) (finding that plaintiff, who cited the definition for debt collector and alleged in a conclusory manner that defendants were debt collectors, failed to sufficiently allege that defendants were debt collectors).

    Plaintiff alleges, however, that the Court may take judicial notice of Bull City's website, which makes it clear that Bull City is a debt collector. In support, Plaintiff attaches what she states is a print out of Bull City's website. Plaintiff points out that in the printout, Bull City advertises that it "provid[es] Accounts Receivable Management solutions" and touts that Bull city collects "more than any other Accounts Receivable Management Company." Alternatively, Plaintiff argues she should be permitted to amend her Complaint in order to assert these additional facts. On Reply, Bull City

contends that the Court may not consider Plaintiff's exhibit because it is an extrinsic document which is not central to her claim and Bull City disputes its authenticity. Bull City also argues Plaintiff should not be permitted to amend her Complaint to add the aforementioned factual allegations because she can no longer amend her Complaint as a matter of course and she cannot amend her Complaint via her opposition brief. Bull City further contends that Plaintiff should not be permitted to amend her Complaint because Bull City's counsel questioned Plaintiff's counsel before filing the Motion to Dismiss as to whether Plaintiff intended to amend her Complaint so it could avoid the preparation and filing of the instant Motion to Dismiss, but Plaintiff's counsel did not respond.

This Court agrees with Plaintiff that the website for Bull City Financial Solutions[1] includes substantial information making it plausible that Bull City "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The website touts:

> Since 1975, Bull City Financial Solutions (BCFS) has been providing Accounts Receivable Management solutions for the most prestigious corporations and organizations in the world. We collect more than any other Accounts Receivable Management Company by providing our certified and distinctly skilled staff with the training and motivation, as well as the compensation and a positive work environment, that are all components necessary for success in the industry. . . BCFS is exceedingly experienced in delinquent account collections for a wide range of clients.

---

[1] The website for Bull City Financial Solutions indicates the same street address for Bull City as the street address for Defendant Bull City given in the Complaint.

**Superior Recovery**

BCFS is consistently ranked at the top of nationwide comparisons of Accounts Receivable Management Companies.

**Cutting-Edge Collection Technology**

Our clients benefit from features such as an account web portal that negotiates account resolution with consumers, a Client Web Portal with real time integration, Account Scoring Prioritization, Text Message Reminders, Cellular Voicemail Direct Messaging, and an IVR payment Center.

**Advanced Collection IT Systems**

Our IT Systems are designed to accommodate unique circumstances and client requests, and also have the capacity to manage billions of dollars of bad debt. Our vigorous reporting platform provides extensive reports for clients to thoroughly analyze collection performance and predict future trends.

**Certified Collection Staff and 24/7 Support**

Your organization will have access to around-the-clock support from our highly trained and motivated staff. Professional and efficient collection practices give BCFS the best customer service rating in the industry.

. . .

**National Collection Solutions**

Our award winning collections solutions span from coast-to-coast and professional collection personnel are located in all 50 states.

. . .

**Guaranteed Satisfaction**

No other company can come close to providing the level of customer service, recovery and technological resources that BCFS provides its clients. . . .

Bull City Financial Solutions, http://arm.bullcityfinancial.com/overview1.php (last visited June 21, 2018). This Court may take judicial notice of a company's representations in its publicly accessible website.[2] Carlisle v. Nat'l Commercial Servs., No. 1:14-CV-515-TWT-LTW, 2017 WL 1075088, at *5 (N.D. Ga. Feb. 22, 2017); Herman v. Seaworld Parks & Entm't, No. 8:14-CV-3028-T-35JSS, 2016 WL 7447555, at *2 n.1 (M.D. Fla. Aug. 26, 2016); Termarsch v. Argent Mortg. Co., No. 8:07-CV-1725-T-30TBM, 2008 WL 1776592, at *4 n.4 (M.D. Fla. Apr. 1, 2008). Thus, the Court takes judicial notice that in the Bull City website, a company identifying itself as Bull City located at the street address identified in Plaintiff's Complaint as being Defendant Bull City's street address, holds itself out as performing substantial collection services on a regular basis. Based on the statements in the Bull City website, it may be inferred that Defendant Bull City provides Accounts Receivable Management solutions for the most prestigious corporations and organizations in the world, offers collections solutions "in all 40 states," "collect[s] more than any other Accounts Receivable Management Company," and operates "IT Systems . . . designed to accommodate unique circumstances and client requests, and [which also have] the capacity to manage billions of dollars of bad debt." Under these circumstances it is plausible that Bull City is a debt collector.

---

[2] Thus, the Court need not proceed into the thicket of whether Plaintiff's Exhibit A, bearing the same information, is central to her claim.

### 2. Collection of a Debt

Bull City next contends that Plaintiff's Complaint contains no factual allegations supporting her conclusion that the account at issue is a debt as defined by the Act. Bull City points out that Section 1692a(5) of the FDCPA requires that the alleged debt being collected was incurred as a financial obligation for personal, family or household purposes, but Plaintiff's Complaint contains no facts about the nature of the her account. In response, Plaintiff contends that she should be permitted to amend her Complaint in order to allege that "[t]his debt is with the creditor Duke Energy [and] was incurred for household gas and electrical supply to her residence, and therefore is a debt incurred for personal and household purposes thereby constituting consumer debt under the FDCPA." Bull City does not dispute that Plaintiff's assertion that the debt with Duke Energy would satisfy the requirements of Section 1692a(5), but responds that she should not be permitted to amend her Complaint.

To recover under the FDCPA, the Plaintiff will have to make a threshold showing that the money being collected qualifies as a debt as defined by the FDCPA. Agrelo v. Affinity Mgmt. Servs., 841 F.3d 944, 950 (11th Cir. 2016). The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Accordingly, the FDCPA only applies to "payment obligations of a (1) consumer arising

out of a (2) transaction in which the money, property, insurance, or services at issue are (3) primarily for personal, family, or household purposes." Agrelo, 841 F.3d at 950. The Court easily concludes that a debt incurred for household gas and electrical supply to Plaintiff's residence satisfies the requirements as being primarily for personal, family, or household purposes. See, e.g., Agrelo, 841 F.3d at 951-52 (holding that Homeowners' Association assessments qualified as debt under the Act).

Bull City argues, however, Plaintiff's Complaint did not include the information about the origin of the debt and Plaintiff should not be permitted to amend her Complaint because she cannot do so via response brief. Here, however, Plaintiff has not merely attempted to amend her Complaint by asserting additional facts in her brief, she has requested the Court's permission to amend her Complaint and stated verbatim the additional fact that she intends to include in her Amended Complaint. Accordingly, that Plaintiff has mentioned her potential amendment in her response in opposition to Bull City's Motion to Dismiss is not a bar to Plaintiff amending her Complaint.

Furthermore, the potential amendment should be permitted under the circumstances of this case. Pursuant to the Federal Rules of Civil Procedure, leave to amend a party's pleading shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion to make this determination, but it must provide a substantial reason for such a denial because "[r]ule 15(a) severely restricts the district court's freedom." Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989) (policy embodied in Federal Rules of Civil Procedure favors liberality of amendments).

11

AO 72A
(Rev.8/82)

However, both the Supreme Court and the Eleventh Circuit have enumerated factors which allow the denial of a motion to amend. These factors include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962); Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape, 556 F.3d 1232, 1241 (11th Cir. 2009). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000).

    Here, Bull City contends that Plaintiff should not be permitted to amend her Complaint because before filing this Motion to Dismiss, Bull City's counsel questioned Plaintiff's counsel as to whether Plaintiff intended to amend her Complaint so Bull City could avoid the preparation and filing of the instant Motion, but Plaintiff's counsel did not respond. Bull City argues that as a result, it had to incur the expense of filing a Motion to Dismiss. It is true that Bull City's counsel attempted to persuade Plaintiff to dismiss or amend her Complaint prior to filing the instant Motion to Dismiss. (Chapman Aff. ¶¶ 3-8, Ex. 1). There is no indication, however, that Bull City's counsel advised Plaintiff's counsel at the time that Plaintiff's Complaint was deficient because it did not contain factual allegations making it plausible that the account at issue was a debt as defined by the Act. (Id.). Furthermore, this is not a case where Plaintiff was dilatory or exhibited bad faith in attempting to amend her Complaint. Plaintiff sought amendment of her Complaint less than a month after Bull City moved to dismiss her

Complaint, less than two months after she filed her Complaint, and before discovery began. Accordingly, Plaintiff's request to amend her Complaint in order to add the paragraph explaining that the debt is with the creditor Duke Energy is **GRANTED**. Plaintiff may file an Amended Complaint including the added paragraph within fourteen (14) days after the day this Report and Recommendation is issued. Because the Amendment is sufficient to make it plausible that Plaintiff incurred the debt at issue for primarily for personal, family, or household purposes, Bull City's Motion to Dismiss should be **DENIED** as to Plaintiff's FDCPA claims.

### C.  Plaintiff's FCRA Claims

Plaintiff contends that Bull City violated Sections 1681s of the FCRA when Bull City (1) willfully failed to fully investigate her dispute "by failing to review all information regarding the same" and failed to correctly report results of an accurate investigation to the credit reporting agencies; and (2) negligently failed to conduct its reinvestigation in good faith. In response, Bull City argues Plaintiff's FCRA claims are insufficiently pled because she does not plead any specific facts supporting them. Bull City points out that Plaintiff's Complaint does not include any indication as to what Bull City reported, when it was reported, who Bull City reported the information to, and when Bull City allegedly failed to investigate her dispute. Additionally, Bull City contends that Plaintiff's Complaint contains no allegation that Equifax notified Bull City of her dispute. Conversely, Plaintiff states that she has sufficiently pled her FCRA claims because her Complaint states that "[u]pon receipt of the dispute of account from

the Plaintiff by Equifax Information Services, Bull City failed to conduct a reasonable investigation and continued to report false and inaccurate information on the consumer report of Plaintiff with respect to the disputed account." (Pl.'s Br. 11).

The FCRA requires that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Section 1681s-2(b)[3] of the FCRA requires furnishers of credit information to investigate the accuracy of said information upon receiving notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b). A consumer has a private right of action against a furnisher of information under Section 1681s-2(b) when the furnisher, after receiving notice of the consumer's dispute from a consumer reporting agency, fails to conduct a reasonable investigation with respect to the disputed information or fails to report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b); Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009). A private right

---

[3] Plaintiff does not indicate whether she is bringing her FDCPA claims pursuant to 1681s-2(a) or 1681s-2(b). This Court deduces that Plaintiff is not bringing her claim pursuant to Section 1681s-2(a), which requires that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Section 1681s-2(a) does not provide a private right of action. See Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (stating that while "the FCRA prohibits furnishers of credit information from providing false information . . . , the statute explicitly bars private suits for violations of this provision"); see also 15 U.S.C. § 1681s-2(c) (expressly providing that the civil liability provisions of Sections 1681n and 1681o do not apply to violations of Section 1681s-2(a), except for certain suits by the government for damages).

of action against a furnisher only arises under Section 1681s-2(b) after the furnisher has received notice of a dispute regarding the allegedly inaccurate information from the consumer reporting agency. Sampson v. Wash. Mut. Bank, 453 F. App'x 863, 867 (11th Cir. 2011); Anderson v. EMC Mortg. Corp., 631 F.3d 905, 907 (8th Cir. 2011) (holding that the duties of a furnisher of credit information under 15 U.S.C. § 1681s-2(b) are triggered by notice that its information is being disputed from a CRA, not from the consumer); Peart, 345 F. App'x at 386 (holding that § 1681s-2(b) "can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."); Green v. RBS Nat'l Bank, 288 F. App'x 641, 642-43 (11th Cir. 2008), cert den'd, 129 S. Ct. 929 (2009).

This Court agrees with Bull City that Plaintiff's FCRA claims are inadequately pled. Plaintiff barely alleges any factual allegations in support of her claim and the portions of her Complaint supporting her FCRA claims against Bull City consist of legal conclusions and include only formulaic and conclusory statements. (Compl. ¶¶ 15, 18, 37-55). Indeed, Plaintiff fails to include any facts about the nature of her dispute of the account, facts about what inaccurate information Bull City reported and to whom Bull City made the report, facts showing how Bull City's investigation was unreasonable, facts identifying what information Bull City failed to review when conducting its investigation, facts explaining what inaccurate information Bull City included in Plaintiff's consumer report and when that occurred, or facts explaining why the information Bull City reported following its investigation was inaccurate. Plaintiff's

AO 72A
(Rev.8/82)

reliance on legal conclusions and formulaic and conclusory statements is not sufficient to make her claim plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009) (explaining that the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); Speaker v. United States Dep't of Health and Human Servs. Ctrs. For Disease Control, 623 F.3d 1371, 1380 (11th Cir. 2010) (holding that plaintiff must do more than recite statutory elements in conclusory fashion and instead, must proffer enough factual content to raise a right to relief above the speculative level). Accordingly, Plaintiff's FCRA claims should be **DISMISSED**. See Mesa v. Pennsylvania Higher Ed. Assistance, No. 16-24577-Civ-WILLIAMS/TORRES, 2018 WL 1863743, at *3 (S.D. Fla. Mar. 15, 2018) (dismissing FCRA claim because plaintiff did not allege any specific facts explaining how defendants' investigation was unreasonable) (citing Smith v. Bank of Am. Home Loans, 968 F. Supp. 2d 1159, 1167 (M.D. Fla. 2013)); Rice v. Seterus, Inc., No. 7:17-CV-00732-RDP, 2018 WL 513345, at *12 (N.D. Ala. Jan. 23, 2018) (dismissing FCRA claim because it offered nothing more than "conclusory allegations that the credit bureaus notified [defendants] about [p]laintiff's disputes," and omitted to explain which credit bureau reported the disputes to which defendant or the subject matter of the dispute); Green v. Chase Bankcard Servs., No. 8:16-CV-3252-T-33AAS, 2017 WL 1135314, at *3 (M.D. Fla. Mar. 25,

2017) (concluding complaint failed to state an FDCPA claim because complaint did not explain how defendant conducted an insufficient investigation); Tamanji v. Nationstar Mortg., No. 4:14-CV-222-HLM, 2014 WL 12513893, at *2 (N.D. Ga. Dec. 12, 2014).

## CONCLUSION

Based on the foregoing reasons, Bull City Financial Solutions, Inc.'s Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**.  (Doc. 5).

**SO ORDERED AND REPORTED AND RECOMMENDED** this  25  day of June, 2018.

/S/LINDA T.WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)